HANSON et al, Respondents, v. LAKE VIEW TOWNSHIP
et al, Appellants.

### (197 N. W. 679.)

(File No. 5357.    Opinion filed March 7, 1924.)

**Dedication—Highways—Evidence—Evidence Held to Show Existence Dedication and Acceptance of a Strip of Land for a Highway and Use for 30 Years.**

> In an action by the owners of a quarter section of land to prevent the apportioning of a strip of land thereon for use as a highway, evidence held to show the existence of a highway across such section, and a dedication by the ancestor of owners, and acceptance by the county board, and a continuous use thereof without objection for more than 30 years prior to the commencement of the present action.

Appeal from Circuit Court, Lake County; Hon. L. L. FLEE-GER, Judge.

Action by Gro Hanson and others against Lake View Township, Le Roy Township, and others. Judgment for plaintiffs, and defendants appeal. Judgment and order denying new trial vacated, and cause remanded.

*Ira F. Blewitt,* of Madison, for Appellants.

*Krause & Krause,* of Dell Rapids, for Respondents.

GATES, J. This action was brought by owners of the southeast quarter of section 35, Le Roy township, Lake county, to prevent the joint boards of Le Roy and Lake View Townships from entering upon and appropriating a strip of land for the purpose of opening and grading a highway across said quarter section. Lake View township joins Le Roy township on the south. The owners of the southwest quarter of said section were made parties to the action after the commencement thereof. Findings and judgment were for the plaintiffs. The defendant townships and their boards appeal from the judgment and from an order denying new trial.

The section line on the south side of said section 35 between Le Roy and Lake View townships runs through a large lake or slough, and it was and is impracticable to use it as a highway. Rev. Pol. Code 1903, § 1594. One Torkel Hanson was the original entryman of the southeast quarter of said section. The present owners are his heirs. One A. H. Hegdahl was the original entryman of the

southwest quarter of said section. The present owners thereof are his heirs. In the early days there was a schoolhouse near the southwest corner of the section. Hanson desired to have a road laid out across his land and that of Hegdahl so that his children could attend the school. Hegdahl would not consent unless he was paid for the land to be taken therefor. In 1883 Hanson and others petitioned the county board for the establishment of a road across the Hegdahl land, and he represented to the board that if they would establish such road and build a little bridge across a creek on his land he would donate a strip of land 66 feet wide for a highway across his land. The early highway records of the county are incomplete, but they show that the Hanson petition was accepted and the road ordered viewed. Viewers were appointed, who made a report, but their award to Hegdahl was set aside as excessive, and another committee was appointed. Under date January 10, 1884, the records show:

"All members present. On motion the report of L. T. Crow, C. E. Hanneman and M. E. Hart, as to damages assessed on account of highway crossing the southwest quarter of section 35, township 107, range 52, was accepted and the assessed damages of $50.00 was also, on motion, ordered to be set aside by the county treasurer to pay said damages, as provided by law, and said highway, as petitioned for by Torkel Hanson and others, was ordered open, 66 feet in width."

The county board caused to be surveyed and marked off a highway 66 feet wide across the south half of said section about 1,000 feet north of the south line. The county board built the requested bridge for Hanson. Hegdahl did not accept the award at that time, but the record of the October, 1893, meeting of the board shows that he was then paid the amount of the award with interest. This road was recognized by Hanson and Hegdahl during their lifetimes, and is not now contested by the Hegdahl heirs, and was not contested by the Hanson heirs until the autumn of 1920. It was continuously used as a public highway substantially along the line laid out and marked. Some work was done on it by the officials. We are of the opinion that the clear preponderance of the evidence showed the existence of a highway across the southwest quarter of said section, and a dedication by Hanson and acceptance by the county board of a highway across the south-

east quarter, and the continuous user thereof without question or objection for more than 30 years prior to the commencement of this action.. We are of the opinion that the trial court erred in finding and rendering judgment for the respondents and that upon the evidence it should have found for appellants.

The judgment and order denying new trial are vacated, and the cause remanded for further proceedings in harmony with this opinion.

Note.—Reported in 197 N. W. 679.    See, Headnote, American Key-Numbered Digest, Dedication, Key-No. 44, 20 C. J. Sec. 138; Highways, Key-No. 17, 20 C. J. Secs. 138, 90.