Note.—Reported in 205 N. W. 71. See, Headnote (1), American Key-Numbered Digest, Trusts, Key-No. 35(2), 39 Cyc. 64, 526, 527, 548, 567; (2) Trusts, Key-No. 348, 39 Cyc. 526, 527, 548, 567.

---

DUXBURY, Appellant, v. McCOOK COUNTY et al,

Respondents.

(205 N. W. 242.)

(File No. 5239.    Opinion filed September 18, 1925.)

1.  **Quieting Title—Easement—Actions—Easement for Highway Is. Incumbrance That Can Be Adjudicated in Action to Quiet. Title; "Incumbrance on Real Property."**

     An easement for highway purposes is such an incumbrance. on real property as specified in Rev. Code 1919, Sec. 2846, so that the existence thereof can be adjudicated in an action to quiet title and determine adverse claims, when properly set up under section 2848.

2.  **Highways—Estoppel—Landowner Held Estopped by Acquiescence from Attacking Proceeding in Establishment of Highway.**

     In action to quiet title against easement for highway purposes, where it is shown that plaintiff joined in petition for

road, was awarded damages, changed his fences, and used culvert across road built for him, and that road had been worked and traveled continuously since 1898, plaintiff was estopped in equitable proceeding from attacking the regularity of the original proceedings in laying out highway, under Comp. Laws 1887, Secs. 1296-1305.

3. Appeal and Error—Clerical Errors—Case May Be Remanded for Correction of Clerical Error in Findings.

Where it is apparent that an error in the findings, conclusion and judgment was merely clerical or stenographic error, cause will be remanded to trial court for correction thereof.

4. Appeal and Error—Court Rules—Assignments of Error Must Be Followed by Argument.

Each assignment in appellant's brief, or group of assignments, if they present a like question, should be followed by the argument and authorities relied upon

Appeal from Circuit Court, McCook County; Hon. John T. Medin, Judge.

Action by Hartwell Duxbury against McCook County and the Civil Township of Pearl in McCook County. From a judgment for defendants, and an order denying motions to strike out and vacate the findings, conclusion, and judgment, and for new trial, the plaintiff appeals. Affirmed and remanded, for correction of clerical error in the findings, conclusion, and judgment.

*P. W. Scanlan* and *James R. McGee,* both of Salem, for Appellant.

*R. M. Sheild,* State's Attorney, and *H. Van Ruschen,* both of Salem, for Respondents.

(1) To point one of the opinion, Appellant cited: Smith v. Thomas Company (Ill.), 116 N. E. 113; Mason v. Sioux Falls (S. D.), 51 N. W. 773.

(2) To point two, Appellant cited: Smith v. Cleaver (S. D.), 126 N. W. 589; Schmidt v. Brown (Ill.), 80 N. E. 1071.

Respondent cited: Seng v. Payne, 128 N. W. 625.

CAMPBELL, J. The controversy here is as to whether or not the defendants McCook county and Pearl civil township, and under them the public, have an easement for highway purposes over a portion of the N. W. ¼ of section 22, township 104, range 56, in McCook county, which quarter section is owned in fee by

the plaintiff. Plaintiff brought his action in the usual form to quiet title, and defendants McCook county and Pearl township answered separately, setting up their claim of easement, and also, by way of counterclaim, alleging the location and establishment of said highway, upon a certain line by courses and distances in said counterclaim specified, by proceedings of the township board of said Pearl township in 1898, and alleging that the damage suffered by plaintiff by reason of said highway upon his land was agreed between plaintiff and said township board to be the sum of $150, which sum was paid to and accepted by plaintiff, in addition to the construction of a culvert in said highway desired by plaintiff, and that thereupon said road so located, established, and laid out was opened to public travel and has since been continuously used and maintained as a public highway with plaintiff's full knowledge, and that plaintiff never appealed from the decision of said township board laying out and establishing said road, which said road has been continuously worked, used, and kept in repair as a public highway for more than 20 years last past, and constitutes part of the highway system of McCook county, and praying that the title to said easement be quieted in defendants for the use and benefit of the public. To said counterclaim plaintiff replied by general denial, and further alleged that he had repeatedly and continually resisted public travel upon, over, and across his premises upon the line of said claimed highway.

The trial court entered findings, conclusions, and judgment adjudging the plaintiff to be the fee owner and entitled to the possession of said quarter section, subject, however, to an easement in the defendants, and the public under them, for highway purposes across a portion of said land extending 33 feet upon each side of a line in said judgment specifically described by courses and distances. Plaintiff moved to strike out and vacate the findings, conclusions, and judgment, and for a new trial, which motion was denied, and from the order denying such motion, and from the judgment, plaintiff appeals.

Appellant sets out in sequence 28 numbered and separate assignments of error, and then follows the same by his argument and authorities grouped under 17 different headings. It has been difficult, and in some cases entirely impossible, to correlate or connect portions of the argument with any assignment of error.

We respectfully, but none the less earnestly, commend to counsel's attention that portion of rule 4 of this court which reads:

"Each assignment, or group of assignments if they present a like question, shall be followed by the argument and authorities relied upon to sustain the alleged claim of error."

[1] An easement for highway purposes is an incorporeal hereditament, but it is nevertheless sufficiently in the nature of an interest in or an incumbrance upon real property as specified in section 2846, Code 1919, so that the existence thereof can be adjudicated in an action to determine adverse claims, and respondents properly set up the origin, nature, and extent of their claim of easement and counterclaim thereon as provided by section 2848, Code 1919.

The proceedings for the establishment and laying out of the highway in question were apparently undertaken to be had under the provisions of sections 1296 to 1305, Compiled Laws 1887, and appellant, by his various assignments of error, attacks the sufficiency and regularity of said proceedings. We do not believe it is necessary to determine in this case whether or not there was a sufficient compliance with the statute in the matter of laying out the road in question.

It clearly appears from properly admissible testimony that appellant himself, with 7 others, on July 20, 1894, fiied with the township board of respondent Pearl township, a petition asking that the road running along the north line of said N. W. ¼ of section 22, and upon the congressional section line, be changed, and in place thereof a road be located on said quarter section south of the north line thereof and substantially along the line of the highway easement here in controversy. A number of voters and taxpayers of the township filed a written remonstrance with the town board against allowing damages to appellant in the sum of $150, "or any other excessive and unreasonable sum" on account of the laying out of said road so petitioned for. That appellant was offered the sum of $100 for damages on account of said road which he refused to accept. That thereafter a survey was made, and there was some considerable controversy concerning the matter of this road, with the ultimate result that at a meeting of the town board on June 10, 1898, the motion whereby

appellant had been previously offered $100 was reconsidered, and the following motion was passed:

"Moved and seconded that we allow Hartwell Duxbury $150 for the right of way across his land for a public road and the town to build a bridge across the ravine sufficiently high for horses and cattle to pass under. Said road to go on the survey as now made. Said road to be 4 rods wide. Motion carried."

In the record of the same meeting the following appears:

"Bills allowed: Hartwell Duxbury $150 for road," etc.

It further appears that the survey mentioned in said motion was made by the county surveyor in 1896, and is substantially in accord with the line upon which the road was actually located and now runs, excepting that by request of appellant the road, when actually opened up, was brought back to the north section line about 270 feet west of the point where the road joined the north section line as shown by the survey. It further appears that Duxbury received and cashed a township warrant for $150. The clerk's record of warrants issued shows, with regard to warrant No. 82 issued to Hartwell Duxbury, that the same was issued June 10, 1898, in the amount of $150 and was " * * * in payment for road damages."

Appellant admits receiving and cashing the warrant, but states that he thought it was for changing his fences. It further appears that the town board undertook to make an order establishing this road October 25, 1898, and that appellant knew where the survey line ran, and was advised by the town board that a legal road had been there located, and that the board put a culvert in the road, and that appellant without objection changed his fences so as to run on both sides of the line where the road was claimed, and attached the ends of his fences to the culvert for the purpose of permitting his cattle to pass from the one side to the other. Appellant now claims that the culvert was not sufficiently high for his cattle to pass under, but he seems to have made no objection to the same until very recently. After the attempt of the board to lay out and establish this road in 1898, it has been worked and traveled continuously as a public highway, and is still traveled as such, and, according to appellant's own statement, he made no objection thereto until within the last 4 or 5 years. It is true that estoppel is not pleaded by the defendants by the use of

the specific word "estoppel," but facts sufficient to constitute the estoppel are well pleaded and on the trial evidence going to the estoppel was introduced by the respondents without objection by the appellant. Section 8613, Rev. Code 1919, reads as follows:

"Whenever any road shall have been used, worked and kept in repair as a public highway continuously for twenty years,. the same shall be deemed to have been legally located or dedicated to the public, and shall be and remain a public highway until changed of vacated in some manner provided by law: Provided', that the mere use by the public of any route of travel along or across public or private land, or the right of way of any railroad company, for any period shall not operate to establish a public highway and no right shall inure to the public or any person by, such use thereof."

[2] Under all the circumstances here shown, appellant cannot now be heard, in an equitable proceeding, to question the regularity or validity of the proceedings leading up to the order whereby the town board attempted and purported to establish and lay out the road in question. See Hanson v. Lake View Tp., 47 S. D. 253, 197 N. W. 679. Other assignments of error by appellant, based upon rulings of the trial judge as to admissibility of evidence, have been examined and found to be without merit.

We note that in finding No. 13 of the trial court the first course and distance of the highway in question is given as follows:

"* * * Thence *south* variation *89* degrees *7* minutes 1,395 feet east. * * *"

In the ninth conclusion of law the first course and distance is likewise stated', and' in the judgment said first course and distance is stated as follows:

"* * * Thence *south* variation *35* degrees *7* minutes 1,395 feet east. * * *"

The correct course and distance as shown by the evidence is:

"Thence *north* · variation *89* degrees *7* minutes 1,395 feet east. * * *"

[3] It is apparent that the error in the findings, conclusion, and judgment is merely a clerical or stenographic error, and the cause is remanded to the trial court for the correction thereof,

and, as so corrected, the judgment will be affirmed, with costs to respondents.

Note.—Reported in 205 N. W. 242. See, Headnote (1), Ameri-. can Key-Numbered Digest, Quieting Title, Key-No. 21, 32 Cyc. 1314; (2) Highways, Key-No. 55, 29 C. J. Sec. 158; (3) Appeal and Error, Key-No. 1149, 4 C. J. Sec. 3159; (4) See Supreme Court Rules, No. 4.