**Richard NELSON, Plaintiff and Appellee,**

v.

**GREGORY COUNTY, South Dakota; The State of South Dakota; Herbert Buryanek; Mrs. Herbert Buryanek, or if any of them be Deceased, their Heirs, Devisees, Legatees, Executors, Administrators or Creditors, Known or Unknown or any or Either of them and all Persons Unknown who may have or Claim to have any Estate or Interest in or Lien or Encumbrances upon such Real Property or any part Thereof, Defendants,**

**and**

**James Buryanek, Jr., and Dianne Kay Buryanek, Defendants and Appellants.**

**No. 13441.**

Supreme Court of South Dakota.

Considered on Briefs March 22, 1982.

Decided Aug. 18, 1982.

John J. Simpson, Winner, for plaintiff and appellee.

Dale F. Benson of Willoughby & Benson, Burke, for defendants and appellants.

WOLLMAN, Chief Justice.

This is an appeal from a judgment quieting title to land in appellee. We affirm.

In 1951 Wesley Smerling purchased forty acres of real estate from Gregory County. Sometime later, but before May 6, 1957, the United States Government acquired ten acres from Smerling's forty-acre tract.

On May 6, 1957, Smerling entered into an agreement, denominated an easement, with Mr. and Mrs. Herbert Buryanek and their son, James Buryanek, Jr. Under this instrument Smerling granted an easement to the Buryaneks over a portion of his remaining thirty acres, giving the Buryaneks the right to "construct, erect, operate and maintain thereon a residence property and hunting camp with accessory improvements inci-

dent thereto" and a right-of-way easement across the tract.

In addition, this instrument granted the Buryaneks an option to buy

"... the south thirty (30) acres ..., said option to be exercised only and after the termination of the rights of George Gordon in and to said lands as above described and his right to occupy the same until his death, but must be exercised within two years after such termination of the rights of said George Gordon. *Except that the party of the first part (Smerling) reserves a square one acre tract on any portion of said thirty acres that he may hereafter select for the purpose of a cabin site*, except that portion hereinbefore described, upon which the parties of the second part are granted an easement. Such site shall be designated and selected by the party of the first part on or before the parties of the second part exercise their option as hereinbefore provided" (emphasis added).

"That in the event the said first party (Smerling) selects a site as above reserved, he shall also have a right-of-way easement over and across the property 25 feet wide, necessary and sufficient to permit first party ingress and egress to and from said tract and to erect and maintain wires and fixtures to serve said property with electricity and with the privilege of removing, at any time, all improvements upon, over, or on said land."

This option could not be exercised before the death of George Gordon, who lived in a cave on the property. On November 2, 1971, Smerling, in the exercise of the right he had reserved in the 1957 instrument, platted a tract of land lying within the thirty acres. This tract was surveyed and divided into eight outlots, "A" through "H." This tract was not a "square acre tract," but was a parallelogram that measured approximately 11,827 square feet less than a full acre. That same day Smerling sold and conveyed the eight outlots by warranty deed to Richard Nelson (appellee).

Herbert Buryanek died in 1971, vesting his joint tenancy interest in his wife and son. George Gordon died on May 26, 1976. On August 30, 1976, Mrs. Herbert Buryanek conveyed her interest in the tract to James Buryanek, Jr., and his wife (appellants). On July 29, 1976, appellants exercised their option rights under the 1957 instrument and received from Smerling a warranty deed conveying to them:

The Southwest Quarter of the Southeast Quarter (SW ¼ SE ¼) of Section One (1), Township Ninety-Nine (99) North, Range Seventy-One (71), West of the 5th P.M., in Gregory County, South Dakota, *except Outlots A, B, C, D, E, F, G, H*, and a certain parcel of land described as that part of the North Half of the Southwest Quarter of the Southeast Quarter (N ½ SW ¼ SE ¼) ... (emphasis added).

On April 17, 1978, appellants served written notice of their intent to exercise the option contained in the 1957 instrument on the eight outlots then owned by appellee. Appellee then commenced an action seeking to quiet title in himself in the platted tract. Appellants filed and served an answer and counterclaim, to which appellee served no reply. James Buryanek, Jr., admitted at trial that Smerling had informed him and his mother of the sale of an acre tract to appellee. Buryanek also admitted that he had seen the plat made by Smerling not long after Smerling had sold the acre to appellee. Moreover, appellants knew that the plat was in existence inasmuch as the outlots were specifically excepted from the deed of conveyance given by Smerling to them in 1976. There is no evidence that appellants objected at any time to this exception in the deed.

The trial court concluded that the delivery and acceptance by appellants of the deed from Smerling merged in the deed the provisions of the antecedent option agreement imposing obligations upon Smerling. We agree.

The doctrine of merger provides that upon delivery and acceptance of an unambiguous deed, all prior negotiations and agreements are deemed merged therein. *Van Ness et ux. v. The Mayor, & C, of Washington, et al.*, 29 U.S. 232, 7 L.Ed. 842

(4 Pet. 1830); *Tamm, Inc. v. Pildis*, 249 N.W.2d 823 (Iowa 1976); *Bibow v. Gerrard*, 209 Neb. 10, 306 N.W.2d 148 (1981). This court has held that it will apply this doctrine subject to exceptions. *Taylor v. White River Valley Ry. Co.*, 27 S.D. 528, 132 N.W. 152 (1911). The exceptions are the existence of fraud or mistake or the existence of collateral contractual provisions or agreements which are not intended to be merged in the deed. See generally 77 Am. Jur.2d *Vendor and Purchaser* § 290 (1975). The exceptions to the doctrine are not present in this case. We therefore conclude that the terms of the antecedent option agreement were merged in the deed subsequently accepted by appellants. Since the superseding deed delivered by Smerling specifically excepted outlots "A" through "H" from the tract of land transferred, appellants could not later attempt to exercise an option on the very land excepted. This same principle of law, moreover, prevents appellants from objecting to the actual configuration of the "square one acre tract" described in the superseded option agreement.

■ Appellants contend that appellee was not entitled to a determination of the easement rights connected with the tract inasmuch as he did not request such determination in his complaint. This contention has no merit inasmuch as the purposes of a quiet title action as set forth in SDCL 21–41–1 and SDCL 21–41–11 include a determination of easement rights. *Duxbury v. McCook County*, 48 S.D. 523, 205 N.W. 242 (1925). SDCL 21–41–11 provides that in an action to quiet title "it shall be necessary for the plaintiff to state in his complaint in general terms only that he has or claims title in fee to the property, or a lien upon or interest therein as the case may be." In any event, the issue of appellee's easement rights was fully litigated on the merits. SDCL 15–6–15(b).

■ That neither the deed to appellee nor the deed to appellants from Smerling mentions transfer of the easement rights so reserved by Smerling in the 1957 agreement does not bar appellee's right to the easement. Appellants do not contend that Smerling lacked such rights. A transfer from Smerling to appellee passed all easements attached thereto by operation of SDCL 43–25–30, even though the deed of conveyance did not specifically mention the grant of the easement. *Homes Development Company v. Simmons*, 75 S.D. 575, 70 N.W.2d 527 (1955).

■ The final issue to be decided is whether the trial court erred by not entering a judgment by default against appellee due to his failure to file a reply to appellants' counterclaim. Under SDCL 21–41–14 appellants were entitled to a determination of their interest merely upon the filing of their answer. Appellants' answer set forth the origin, nature, and extent of their claim to the property. We have examined appellants' counterclaim and find that there is no counterclaim in fact. A counterclaim in a quiet title action is appropriate when a party seeks affirmative relief claiming recovery of the value of improvements made upon the land, or for other equitable relief not tantamount to the determination of like interests. See SDCL 21–14–5 and 21–41–15. Since appellants' answer was sufficient as a matter of law and since the counterclaim sought no further relief, no reply was necessary to that part of the answer labeled "counterclaim." SDCL 15–6–8(c); *McDonald v. Miners & Merchants Bank, Inc.*, 310 N.W.2d 591 (S.D.1981).

The judgment is affirmed.

All the Justices concur.