**(NORTHWEST SOUTH DAKOTA PRODUCTION CREDIT ASSOCIATION**

**v.**

**Everett F. HUNT, Melinda S. Hunt, and Jennie A. Hunt).**

**In re Everett F. HUNT and Melinda S. Hunt.**

**Bankruptcy No. 383–00070.**
**Adv. No. 385–0018.**

United States Bankruptcy Court, D. South Dakota.

Sept. 20, 1985.

Brent A. Wilbur, May, Adam, Gerdes & Thompson, Pierre, S.D., for plaintiff Northwest South Dakota Production Credit Ass'n.

Max A. Gors, Gors, Braun and Carlon, Pierre, S.D., for debtors/defendants Everett F. Hunt and Melinda S. Hunt.

Keith A. Tidball and Gustav K. Johnson, Tidball and Johnson Law Offices, Pierre, S.D., for defendant Jennie A. Hunt.

PEDER K. ECKER, Bankruptcy Judge.

This case is before the Court on a complaint to determine the validity, priority, and extent of liens filed by Northwest South Dakota Production Credit Association against the debtors, Everett and Melinda Hunt, and Everett's mother, Jennie Hunt. The issue is whether the delivery and recordation of a deed extinguishes the security interest of the seller created in the same land under a prior contract for deed.

Prior to January 17, 1980, Jennie Hunt and her husband, Ennis, who has since died, owned the land which is the subject of this action. On January 17, 1980, they entered into an agreement with their son, Everett Hunt, in which he agreed to purchase the land for $150,930.00. Everett was to pay $25,000 upon execution of the agreement and $20,000 each year for twenty years with the first payment due on November 15, 1981. Upon completion of the payments, Jennie and Ennis would convey the land to Everett by trust deed.

Everett paid Jennie and Ennis $25,000 upon execution of the agreement and $20,000 later that year. No mortgage or other type of security interest was taken by Jennie and Ennis to secure payment under the agreement. On March 19, 1980, a deed to restricted Indian land was signed by Jennie and Ennis Hunt, deeding the land in question to Everett Hunt, with a reservation of a life estate in the grantors, Jennie and Ennis Hunt. This deed was approved by the Department of the Interior, Aberdeen Bureau of Indian Affairs Office, on March 25, 1980, and recorded with the Cheyenne River Agency on April 1, 1980. This deed was delivered to Everett Hunt, who then recorded it in the office of the Ziebach County Register of Deeds.

On November 5, 1981, and on November 22, 1982, two separate collateral real estate mortgages were entered into by Jennie and Everett Hunt with the Production Credit Association (PCA), mortgaging certain sections of the land in question. The first mortgage secured a loan of $282,805.00, and the second secured a loan of $321,376.84. Both of these mortgages were approved by the Area Director of the Department of the Interior. They were recorded with the Ziebach County Register of Deeds on February 3, 1982, and March 30, 1983, respectively.

In Everett and Melinda Hunt's proposed plan of reorganization, Jennie Hunt is treated as having a security interest in the land in question prior to the interest of the PCA. To support such treatment of Jennie in the plan, the debtors and Jennie now claim that Jennie never intended to have Everett record the deed to the land and that the contract for deed which created a security interest in favor of Jennie Hunt is still effective and is prior to the interest of the PCA created by the two mortgages. The PCA argues that the doctrine of merger applies and that any security interest Jennie had was extinguished by the delivery to Everett and his subsequent recording of the deed.

After careful consideration of all the files and pleadings and briefs and arguments of counsel, the Court holds that the delivery and recordation of the deed to the land in question by Everett Hunt extinguished Jennie Hunt's security interest created by the prior contract for deed and that Jennie Hunt is not entitled to treatment as a secured creditor in the debtors' plan of reorganization.

Under a contract for deed, the buyer acquires equitable title to the property conveyed, but the seller retains legal title. The buyer has the right to the use and possession of the land, but the deed and legal title do not pass to the buyer until the contract has been completed. *See, First Federal Savings and Loan Association v. Wick,* 322 N.W.2d 860 (S.D.1982). Once the deed is delivered and accepted, all prior negotiations and agreements are deemed to be merged therein under the doctrine of merger, which has long been applied by the courts in these situations. *See, e.g., Van Ness et ux v. The Mayor, etc., of Washington, et al.,* 29 U.S. 232, 7 L.Ed. 842 (4 Pet.1830). The Supreme Court of South Dakota has applied this doctrine subject to certain exceptions such as fraud, mistake, or the existence of collateral agreements not meant to be merged into the deed. *Nelson v. Gregory County,* 323 N.W.2d 139 (S.D.1982). None of those exceptions are present in the instant case. According to Jennie Hunt's deposition, she delivered the deed to Everett with no provision for escrow nor any other conditions attached except the reservation of a life estate on the deed. If Jennie did not intend to pass legal title to the property to Everett, there would have been no need for her to reserve a life estate. Everett then went through the process of having the deed approved through the Department of the Interior, Bureau of Indian Affairs Office, and, finally, recorded it with the Ziebach County Register of Deeds. All of these actions are consistent with a present intent on Jennie's part to pass title to Everett and with a present intent on Everett's part to accept the deed. When Everett sought a loan from the PCA, he offered the land as collateral. Because of Jennie's life estate, the PCA required her signature on the mort-

gages. These events are also consistent with the transfer of the deed to Everett.

In a case involving a similar situation, the South Dakota Supreme Court found that acts inconsistent with delivery of a deed are not necessarily sufficient to overcome the presumption of delivery, especially where there is a close relationship between the grantor and the grantee, such as parent and child. *Hanifin v. Marsden*, 297 N.W.2d 172 (S.D.1980). In that case, a contract for deed was entered into between the parents and a son. A quitclaim deed to the son was later recorded by the father without the son's knowledge. Although the son continued to make payments under the contract, the South Dakota Supreme Court said that fact was not enough to overcome the presumption of delivery under the circumstances.

Likewise, in the case at bar, Everett and Jennie Hunt's contention now that the deed was not intended to be delivered to Everett at that time nor recorded by him prior to the expiration of the contract is not enough to overcome the presumption of delivery. In truth, such argument is inconsistent with the acts of all of the parties involved in this action.

Accordingly, based on the foregoing, counsel for the PCA is directed to submit findings of fact and conclusions of law, not inconsistent with this letter decision, pursuant to Bankr.R.P. 7052 and F.R.Civ.P. 52, and draft an appropriate order and judgment in accordance with Bankr.R.P. 9021.