MICHAEL B. GROWNEY AND MICHAEL B. GROWNEY, ASSIGNEE, APPELLEES, v. C M H REAL ESTATE COMPANY, A NEBRASKA CORPORATION, ET AL., APPELLANTS.

238 N. W. 2d 240

Filed February 5, 1976. No. 40182.

Stephen T. McGill of McGill, Koley & Parsonage, for appellants.

Michael F. Kinney of Cassem, Tierney, Adams & Gotsch, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

NEWTON, J.

This is an action to recover a downpayment on a contract to purchase real estate. Judgment was entered for the plaintiff-purchaser. We reverse the judgment of the District Court.

Plaintiff alleges a contemporaneous oral agreement to the effect that the contract was to be void if it were ascertained that the property purchased was not suitable for the construction of a swimming pool; also, that defendants misrepresented the property as being suitable for the construction of a swimming pool.

The record reflects that plaintiff and a Russell E. Clark, Jr., were interested in buying a home with a yard suitable for a swimming pool. Plaintiff was absent for quite some time during which time his mother and Clark looked for a house. They were shown the home of the defendants' Mayberry and were well satis-

fied with the house but were doubtful that the steeply terraced backyard was suitable for the construction of a swimming pool. They examined the property and Clark walked over the backyard. The real estate salesman was asked for his opinion and he stated that he was no authority on swimming pools but it looked to him like a good spot for a pool. Clark and Mrs. Growney signed a contract to purchase the property for $42,950 and paid down $1,000 to apply on the purchase price. The contract provided that on failure of the purchasers to consummate the contract the vendor could retain the money as liquidated damages. When the plaintiff returned home he inspected the premises and had them examined by a builder of swimming pools to determine their suitability for a swimming pool. They were not suitable and the purchasers notified the real estate salesman that they would not complete the transaction. Thereafter the property was sold to others for the same price, or $42,950, about 56 days after the date of the contract in which plaintiff is interested. The interests of Clark and Mrs. Growney have been assigned to the plaintiff.

Although defendants were aware that plaintiff wanted a property suitable for a swimming pool and that his representatives were doubtful that defendants' property qualified, plaintiff's representatives nevertheless entered into the written contract which stated that they had inspected the property and were not relying upon any warranties or guarantees of the agent as to its condition. There is nothing in the record to show that a contemporaneous oral agreement was either proposed or entered into.

Was there a fraud committed? "An essential element of actionable false representation is justifiable reliance on the representation." Camfield v. Olsen, 183 Neb. 739, 164 N. W. 2d 431.

"The general rule is that where ordinary prudence would have prevented the deception, an action for the

fraud perpetrated by such deception will not lie." Swanson Petroleum Corp. v. Cumberland, 184 Neb. 323, 167 N. W. 2d 391.

Both Clark and Mrs. Growney were aware that the real estate agent was not an expert on swimming pools and knew no more about them than they did. Although they could readily have obtained competent expert advice, as plaintiff later did, they chose to rely on their own judgment and entered into the contract forthwith. The facts will not sustain a charge of fraud. Furthermore, this is not an action to rescind. On breach of the contract the property was resold. The present action is only one to recover the downpayment and is dependent entirely on whether the payment constituted a penalty or liquidated damages. In this connection the only parties in interest among the defendants are the Mayberrys who sold the property.

As a general rule: "The question of whether a stipulated sum is for a penalty or for liquidated damages is answered by the application of one or more aspects of the following rule: a stipulated sum is for liquidated damages only (1) where the damages which the parties might reasonably anticipate are difficult to ascertain because of their indefiniteness or uncertainty and (2) where the amount stipulated is either a reasonable estimate of the damages which would probably be caused by a breach *or* is reasonably proportionate to the damages which have actually been caused by the breach." 22 Am. Jur. 2d, Damages, § 214, p. 299. See, also, Abel Constr. Co. v. School Dist. of Seward, 188 Neb. 166, 195 N. W. 2d 744. The question of whether or not the damages to be anticipated on breach could reasonably have been ascertained at the time the contract was entered into must be answered in the negative. While the accrual to defendants of additional expense for such items as insurance, taxes, interest, and housing were to be foreseen, the amount was dependent entirely on the time required for a resale of the property

and this was not readily determinable. Neither at that time could it be determined if the property could be resold for a like sum. The downpayment of $1,000 on a $42,950 purchase does not appear to be disproportionate or unreasonable in view of the uncertainty regarding the extent of the damages which could be encountered. Although the record does not disclose the actual sums lost by defendants during the time elapsing before a resale was effected, these items could not have been greatly disproportionate to the sum retained as liquidated damages. Ordinarily a sum paid in part performance of a contract, with a provision that it shall be forfeited in the event of a default, if not excessive, and if the actual damages are not calculable in advance, will be regarded as liquidated damages. See 22 Am. Jur. 2d, Damages, § 214, p. 299, § 229, p. 314.

We conclude that judgment was erroneously entered for plaintiff and that the judgment must be reversed.

REVERSED.