VIOLA M. BIBOW, APPELLANT AND CROSS-APPELLEE, V.
NORMAN L. GERRARD ET AL.,
APPELLEES AND CROSS-APPELLANTS.

306 N.W.2d 148

Filed May 22, 1981. No. 43340.

John Tavlin and Healey, Brown, Wieland, Kluender, McCord & Atwood for appellant.

Loren L. Lindahl of Edstrom, Bromm & Lindahl for appellees.

Neil W. Schilke of Sidner, Svoboda, Schilke, Wiseman & Thomsen for amicus curiae.

Heard before BOSLAUGH, McCOWN, CLINTON, and BRODKEY, JJ., and MARTIN, District Judge.

BOSLAUGH, J.

This case arises out of a controversy concerning a sale of real estate in Saunders County, Nebraska. The defendants Norman L. Gerrard and Lorraine R. Gerrard owned a house and a bar which was located on a 3.65-acre tract of land near Cedar Bluffs, Nebraska. On June 1, 1976, the Gerrards listed this property for sale with the defendant Gateway Realty of Fremont, Inc. In the listing agreement the property was described as follows: "Address Rt. 1 Cedar Bluffs Legal Description NW¼ Sect. 22-17-7 15 acres more or less."

Gateway advertised the property for sale, stating that it consisted of "approximately 15 acres." The plaintiff read the advertisement and contacted the defendant Brad Martindale, a licensed real estate agent employed by Gateway. The plaintiff arranged to meet Martindale at the property on July 8, 1976. According to the plaintiff, her son-in-law, who was present, asked Martindale where the 15 acres were. Martindale then pointed out the boundaries of the property. Later, Mr. Gerrard pointed out the same boundaries to the plaintiff.

After looking over the Gerrard property, the plaintiff signed a written offer to purchase it for $37,500. The property was described in the purchase agreement as follows: "Address RR Cedar Bluffs, Nebr. Legal Description Approximately 15 acres more or less with a 3 bedroom home and bar." The Gerrards accepted the offer and signed the purchase agreement on July 8, 1976.

The purchase agreement was conditioned upon the purchaser "being able to obtain a liquor lisence [sic] equal to the lisence [sic] held by the sellers." Before closing the transaction the purchaser filed an application for a liquor license which contained a correct description of the property by metes and bounds and disclosed that the dimensions of the tract were approximately 200 feet by 794 feet.

A liquor license was not issued to the plaintiff until September 10, 1976, but the transaction was closed sometime in August. The plaintiff paid the balance of the purchase price and the Gerrards executed and delivered a deed conveying the property to the plaintiff. The deed described the property by metes and bounds and disclosed that the tract was approximately 200 feet by 794 feet.

This action was commenced on May 14, 1979. In her first cause of action the plaintiff sought to recover damages in the amount of $24,970 from the Gerrards for breach of contract. The second cause of action

was against all defendants for fraud and misrepresentation. The third cause of action sought damages from the Gerrards for breach of warranty.

The trial court found that the defendants had represented that the property consisted of 15 acres; that the plaintiff had relied upon the representation; and that the Gerrards had breached the contract by failing to convey more than 3.65 acres. The trial court fixed the damages at $6,100.

The plaintiff has appealed and the Gerrards have cross-appealed. The appeal relates only to the first and third causes of action. Since there was no warranty in the purchase agreement other than an agreement "to convey title to said property," the third cause of action for breach of warranty may be disregarded.

The assignments of error all relate to the amount of the recovery. The plaintiff contends that the trial court should have awarded her damages in the amount of $15,028.62. The contention is based upon an erroneous interpretation of the rule stated in *Ready Sand & Gravel Co. v. Cornett*, 184 Neb. 726, 171 N.W.2d 775 (1969), and opinion testimony of an expert witness called by the plaintiff. This witness testified that the value of the land was $1,800 per acre; the buildings, $25,400; and the property actually conveyed, $31,400.

The expert testimony as to value was not binding on the trial court. It is apparent from the record that the trial court did not accept the expert testimony in full.

The trial court found that the value of the property as represented was $37,500, the price that the parties had agreed upon; the value of the property conveyed was $31,400; and that the damages were the $6,100 difference between these amounts.

Generally, where there has been misrepresentation in the sale of real estate, the measure of damages is the difference between the value of the property conveyed and the value of the property if it had been as represented. See, *Dargue v. Chaput*, 166 Neb. 69,

88 N.W.2d 148 (1958); *Rothery v. Pounds*, 150 Neb. 25, 33 N.W.2d 347 (1948); *Falkner v. Sacks Bros.*, 149 Neb. 121, 30 N.W.2d 572 (1948). See, also, Annot., 13 A.L.R.3d 875. The plaintiff's assignments of error are without merit.

On the cross-appeal, the Gerrards' principal contention is that the plaintiff is barred from recovering damages by the doctrine of merger. The rule of merger, stated simply, is that upon delivery and acceptance of an unambiguous deed all prior negotiations and agreements are deemed merged therein. See, *Ingraham v. Hunt*, 159 Neb. 725, 68 N.W.2d 344 (1955); *Beren Corp. v. Spader*, 198 Neb. 677, 255 N.W.2d 247 (1977); *Hoke v. Welsh*, 162 Neb. 831, 77 N.W.2d 659 (1956). However, the doctrine of merger does not apply where there has been fraud or mistake.

The evidence in this case was undisputed that the number of acres being sold was misrepresented and the trial court found that the plaintiff had relied upon the representation. However, not all misrepresentations are actionable. It has long been the rule in this state that the reliance must be justified before it is actionable. Where ordinary prudence would have prevented the deception, an action for the fraud perpetuated by such deception will not lie. *Growney v. C M H Real Estate Co.*, 195 Neb. 398, 238 N.W.2d 240 (1976).

In this case the plaintiff inspected the property and the boundaries were pointed out to her. She filed an application for a liquor license which disclosed that the tract was approximately 200 feet by 794 feet. This description was contained in the deed executed at the time of closing.

The discrepancy in acreage between the amount claimed and the amount conveyed in this case was substantial. Some courts have stated there can be no recovery if the shortage is so glaring and palpable as to warn even an inexperienced purchaser. See *Loehr v. Manning*, 44 Wash. 2d 908, 272 P.2d 133

(1954). See, also, *Ralston v. Grinder*, 8 Ohio App. 2d 208, 221 N.E.2d 602 (1966), where purchasers' execution of second mortgage containing correct description was held to be notice.

The plaintiff here was not entirely inexperienced in real estate transactions. In 1966 or 1967, the plaintiff purchased a 4-acre tract near Cedar Bluffs which she subdivided and platted in 1976.

We believe the circumstances in this case were such that the plaintiff's reliance upon the defendants' representation was not justified. Since the misrepresentation was not actionable, the doctrine of merger is applicable and bars the plaintiff's recovery.

The judgment of the District Court as to the defendants Gerrard is reversed and the cause remanded with directions to dismiss the action as to the defendants Gerrard.

REVERSED AND REMANDED WITH DIRECTIONS.