Michael T. HARRISON, Airman 1st
Class, U.S. Air Force, Petitioner

v.

UNITED STATES, Respondent

Misc. Dkt. No. 85–05.

U. S. Court of Military Appeals.

May 13, 1985.

For Petitioner: *Captain Patrick J. Bartels* (argued); *Francis J. Hartman, Esq.* (on brief).

For Respondent: *Captain Joseph S. Kistler* (argued); *Colonel Kenneth R. Rengert* (on brief).

*Opinion*

COX, Judge:

In this case, petitioner presents a Petition for Extraordinary Relief in the Nature of Mandamus, praying "for an order directing the trial judge to dismiss all the charges and specifications" or, alternatively, to prohibit him from considering matters not of record at the initial hearing. Under the circumstances of this case, we decline to issue such a writ.

## I

Petitioner stands charged with attempted sodomy and rape, in violation of Articles 80 and 120, Uniform Code of Military Justice, 10 U.S.C. § 880 and 920, respectively. A general court-martial was convened, and petitioner moved to dismiss the charges on the ground that he had been denied a speedy trial. The prosecution offered into evidence certain documents pertaining to the motion, including, principally, a stipulated chronology of events. The military judge calculated that 90 days of petitioner's pretrial confinement was chargeable to the Government. He applied (wrongly) a *"Burton"* presumption and granted the motion to dismiss.

*United States v. Burton*, 21 U.S.C.M.A. 112, 118, 44 C.M.R. 166, 172 (1971), established the rule that

> a presumption of an Article 10 [1] violation will exist when pretrial confinement *exceeds three months.* In such cases, this presumption will place a heavy burden on the Government to show diligence, and in the absence of such a showing the charges should be dismissed.

(Footnote omitted; emphasis added.) Later, the rule was modified so that the presumption would arise only when pretrial confinement *chargeable to the Government exceeded 90 days. United States v. Driver*, 23 U.S.C.M.A. 243, 49 C.M.R. 376 (1974). Obviously, since the Government was not held accountable for petitioner's confinement *in excess* of 90 days, the *Burton* presumption should not have applied. (Apparently, the four counsel appearing in the case also failed to catch the mistake, or at least none of them came to the judge's assistance.)

In due course, the prosecution realized the judge's error and petitioned the convening authority to return the case to the military judge for reconsideration of the motion. The convening authority agreed.

By letter he directed the military judge to reconvene the court-martial and reconsider his ruling on the motion to dismiss. In addition, the convening authority "empowered" the judge

> to take whatever action may be appropriate (including the admission of additional evidence if necessary) to both aid in . . . [his] decision and in . . . [his] implementation of that decision, no matter what it may be.

Pursuant to this directive, the trial judge reopened the court-martial. He immediately acknowledged his error in originally applying *Burton.* However, since, even apart from *Burton*, the Government has a general obligation to exercise "reasonable diligence in bringing the charges to trial," *United States v. Tibbs*, 15 U.S.C.M.A. 350, 353, 35 C.M.R. 322, 325 (1965), the matter was not at an end. In order to meet the somewhat more relaxed burden, the prosecution sought, at that point, to introduce additional evidence justifying the delays that had occurred. Counsel for petitioner objected strenuously to receipt of any additional evidence, arguing that, in a reconsideration hearing, the judge is allowed only to examine matters already of record. The judge, however, decided to have a full hearing on the matter and permitted the parties to introduce additional evidence.

After the hearing, the judge made written findings wherein he concluded that the delays in bringing the charges to trial were not unreasonable and that no specific prejudice to petitioner had been shown. Accordingly, he vacated his order dismissing the specifications and denied petitioner's motion to dismiss. But he pointed out that "[t]he implied reasons for the delay advanced by the government" at the initial hearing would not, without more, have been sufficient to establish the reasonableness of the delay, even under the more relaxed standard. Thus, the evidence submitted at the second hearing was crucial in enabling the prosecution to sustain even its lesser burden.

---

1. Article 10, Uniform Code of Military Justice, 10 U.S.C. § 810, provides, in pertinent part:

When any person subject to this chapter is placed in arrest or confinement prior to trial, immediate steps shall be taken to inform him of the specific wrong of which he is accused and to try him or to dismiss the charges and release him.

## II

Article 62(a), UCMJ, 10 U.S.C. § 862(a), in effect at the commencement of petitioner's trial,[2] provided:

> If a specification before a court-martial has been dismissed on motion and the ruling does not amount to a finding of not guilty, the convening authority may return the record to the court for reconsideration of the ruling *and any further appropriate action.*

(Emphasis added.)

Paragraph 67*f*, Manual for Courts-Martial, United States, 1969 (Revised edition), in effect at the commencement of petitioner's trial,[3] provided:

> If a specification before a court-martial has been dismissed on motion and the ruling does not amount to a finding of not guilty, the convening authority may return the record to the court for reconsideration of the ruling and any further appropriate action (Art. 62(a)) .... In returning the record of proceedings to the court, the convening authority will include a statement of his reasons for disagreeing, together with instructions to reconvene and reconsider the ruling with respect to the matter in disagreement. Except as provided in 122*b* (3) [regarding the issue of mental capacity at the time of trial] he will not refer to or include in his communication any factual information relative to the ruling in question which is not already a part of the record *nor will he direct the court to consider any evidence or information other than that which is already in the record.*

(Emphasis added.)

▇▇▇ In this case, the convening authority merely returned the record to the trial judge for reconsideration of the motion. He did not include in his communication any information not of record, nor did he direct the judge to consider any particular evidence. Though he authorized or "empowered" the judge to take additional evidence if he deemed it appropriate or necessary, he in no sense required it. In short, nothing the convening authority did ran afoul of the Code or the Manual.

▇▇▇ We likewise discern nothing in the military judge's actions which infringed upon petitioner's rights. Although we have not before specifically ruled on the question of whether additional evidence may be received under Article 62(a), we have held that a military judge may take judicial notice under Article 62(b) of matters omitted during original hearings. *United States v. Mead,* 16 M.J. 270 (C.M.A. 1983). *See United States v. Brown,* 18 M.J. 360 (C.M.A. 1984). If additional evidence may thus be accepted during a revision proceeding pursuant to Article 62(b), it is reasonable to conclude that it may also be accepted under provisions of Article 62(a). Indeed, we are prepared to declare that, in the interests of justice, a trial judge has inherent authority, not only to reconsider a previous ruling on matters properly before him, but also to take additional evidence in connection therewith.

▇▇▇ Since "[t]he writ of mandamus is a drastic instrument which should be invoked only in truly extraordinary situations," *United States v. LaBella,* 15 M.J. 228, 229 (C.M.A. 1983), and since it is designed to "confine an inferior court to a lawful exercise of its prescribed jurisdiction," *Dettinger v. United States,* 7 M.J. 216, 220 (C.M.A. 1979), quoting *Roche v.*

---

2. Effective after the initiation of petitioner's trial, Article 62 has been substantially revised. Under current procedure, the United States may now appeal certain adverse rulings of the trial judge directly to the Court of Military Review. The provision for the Government to petition the convening authority to return the record to the trial judge for reconsideration of certain rulings has been eliminated.

3. In the Manual for Courts-Martial, United States, 1984, this provision has likewise been replaced by a rule outlining the procedures for appeal of certain rulings to the Court of Military Review. R.C.M. 908.

*Evaporated Milk Ass'n*, 319 U.S. 21, 26, 63 S.Ct. 938, 941, 87 L.Ed. 1185 (1943), it follows that we must deny the petition for extraordinary relief here, where we view the trial judge as having correctly exercised his authority.[4]

Judge FLETCHER did not participate.

EVERETT, Chief Judge (concurring in the result):

I

At the original Article 39(a), Uniform Code of Military Justice, 10 U.S.C. § 839(a), hearing—of which only a summarized record was prepared—the Government offered a stipulation of fact. The stipulation commenced with a recital that the parties had "agreed ... that the following facts constitute a chronology of essential facts with regard to the present case"; and then it listed various events from March 18, 1984—"Date of alleged rape"—through July 11, 1984—"Trial commences at McGuire AFB, NJ." The remaining evidence before the judge at this hearing consisted of copies of a defense request for delay on March 30, 1984; a defense request for speedy trial on June 19, 1984, and related correspondence; and a second speedy trial request on June 27, 1984. Also, the military judge had received a written motion to dismiss wherein the defense contended that (a) petitioner's pretrial confinement exceeded 90 days, which triggered a presumption of a violation of Article 10 of the Uniform Code, 10 U.S.C. § 810, *see United States v. Burton*, 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971); and (b) regardless of the pretrial confinement, the Government failed in its "obligation to move forward ... with reasonable diligence in all cases," *see United States v. Rowsey*, 14 M.J. 151 (C.M.A. 1982), quoting *United States v. Rowsey*, unpublished opinion at 2 (A.C.M.R. 1981); *United States v. Johnson*, 1 M.J. 101 (C.M.A. 1975).

On the basis of these documents and after extensive oral argument, the military judge made 13 "essential findings of fact." The first eight findings led up to the ninth finding, wherein the judge stated:

There being no evidence before this court of further defense-caused delays, the total number of days of pretrial confinement for which the goverment must account is 90. On the basis of *United States versus Burton*, 44 CMR 166, a presumption of a violation of the accused's Article 10, UCMJ, right to a speedy trial exists. As the Court of Military Appeals noted in *Burton*, this presumption places a heavy burden on the government to show diligence in disposition of the charges.

Finding 10 referred to the defense requests for speedy trial and the absence of any response thereto other than the referral of charges for trial. Finding 11 listed several events between March 28 and the referral of charges on June 28 which were "insufficient to support the government's burden of proving diligence." Finding 12 observed that "the only appropriate remedy for denial of the right to speedy trial is dismissal"; and then finding 13 stated that, "[t]his court finds that the *Burton* presumption applies in this case, that the government has not met the heavy burden placed upon it by the rule, that the accused has been denied his right to a speedy trial, and the charges must be dismissed." The conclusion ordered dismissal of the charges and specifications.

II

From my reading of this record, I conclude that all the judge's findings and his conclusion are tainted by his erroneous premise—namely, that the *Burton* presumption is triggered by 90 days of pretrial confinement, rather than by pretrial confinement *in excess of* 90 days. Although, in finding 11, the judge stated that certain

---

4. Because our decision is addressed only to the propriety of the trial judge's receipt of additional evidence, we do not reach the merits of petitioner's speedy-trial motion. Our opinion today does not preclude petitioner from asserting this latter issue through the normal appellate process, should it become necessary.

events "are insufficient to support the government's burden of proving diligence," this determination must be interpreted in light of finding 9, which stated that the *Burton* presumption of an Article 10 violation "places a *heavy burden* on the government to show diligence in disposition of the charges." (Emphasis added.) It is not clear that the judge would have decided that the Government had failed to carry its burden if that burden had not been "heavy" because of his erroneous invocation of the *Burton* presumption.

Under Article 62(a), UCMJ, 10 U.S.C. § 862(a), as it existed until August 1, 1984, a convening authority could return a record to the court-martial for reconsideration of rulings not amounting to a finding of not guilty. Thus, the convening authority properly asked the judge to reconsider his dismissal of the charges for denial of a speedy trial because this ruling was tainted by a legal error in computing the threshold of pretrial confinement for applying a *Burton* presumption. *United States v. Ware*, 1 M.J. 282 (C.M.A. 1976).[1]

Since all of the judge's material findings and his conclusion were affected by his initial error of law, he was obligated to reconsider all of those findings and the conclusion, and to apply the proper legal standard in making new findings and his conclusion. This indeed is part of the "further appropriate action" referred to in Article 62(a). Therefore, in the present case, the judge was obligated to redetermine whether the Government was diligent without imposing a "heavy burden" due to misapplication of the *Burton* presumption.

I see no legal barrier in Article 62(a) to the judge's reception of additional evidence in reconsidering his findings or his conclusion. A judge who is under a misapprehension of law may exclude or not invite certain evidence because he does not believe it

is material in making his ruling. When his ruling is reversed on appeal because of his legal error, I believe that in subsequent proceedings he should be free to consider additional evidence which then appears material in view of the correction of his earlier error. Likewise, I assume that Congress intended that a judge who, upon reconsideration under Article 62(a), decides that he has made a legal error in his ruling, would be free to consider further evidence—whether from the Government or defense—that appeared material to the issues to be decided upon reconsideration. Thus, I conclude that in this case the military judge—after determining upon reconsideration that he had made a legal error which tainted his initial ruling—was not precluded by Article 62(a) from receiving additional evidence which, in his independent discretion, he believed material to the issues then confronting him.[2]

### III

#### A

At the initial hearing the stipulation of fact consisted of "a chronology of essential facts with regard to the present case." According to the Manual for Courts-Martial, United States, 1969 (Revised edition), "Unless it is properly withdrawn or is ordered stricken from the record, a stipulation of fact that has been received in evidence may not be contradicted by the parties thereto." Para. 54*f. Accord* R.C.M. 811(e), Manual for Courts-Martial, United States, 1984; *Kealy v. Harter*, 682 F.2d 198, 201 (8th Cir. 1982); *Aero Spacelines, Inc. v. United States*, 530 F.2d 324, 334, 208 Ct.Cl. 704 (1976); *American Motor Inns, Inc. v. Holiday Inns, Inc.*, 521 F.2d 1230, 1244 (3d Cir. 1975); *A. Duda & Sons Cooperative Association v. United States*, 504 F.2d 970, 975 (5th Cir. 1974); *United*

1. Under the current Article 62, the Government could appeal such a ruling to the Court of Military Review. *See* R.C.M. 908, Manual for Courts-Martial, United States, 1984.

2. Trial counsel argued "that matters that would otherwise not be applicable for excused time

lags when you're applying the extraordinary standard are nevertheless the very factors that you look to when you're trying to determine reasonable diligence in proceeding, which the government advocates is the appropriate test in this—in this particular case."

*States v. Campbell*, 453 F.2d 447, 451 (10th Cir. 1972).

So far as I can determine, none of the evidence that the Government adduced at the hearing on reconsideration contradicted any recital of an event in the stipulation of fact. However, by offering evidence of additional facts, the Government indirectly contradicted the prefatory statement in the stipulation that it "constitute[d] a chronology of *essential* facts." (Emphasis added.) By its offer of evidence, the Government was asserting that other facts were also "essential" to a proper decision of petitioner's motion to dismiss.

In some respects, the term "essential" relates to a legal concept. Therefore, in my view this type of contradiction does not fall within the Manual prohibition against contradicting a stipulation of fact. Nonetheless, if the parties have agreed that a stipulation shall be the exclusive method for presenting evidence on all or some of the issues in a case, then that agreement must be honored unless the court sets it aside for some good reason.

In this case, I do not interpret the stipulation as being intended to impose a limitation on the means of proof to be used by the parties on the speedy-trial motion. Indeed, I believe the stipulation was merely intended to afford the parties a convenient means for saving time and effort for all involved in the trial. Moreover, there is no indication that, because of reliance on the stipulation, the defense was lulled into failing to obtain available witnesses to rebut the evidence offered by the Government at the hearing on reconsideration. Thus, despite the stipulation of fact that was entered initially, the judge, in his discretion, was free to receive additional evidence on the issues to be decided upon reconsideration.

**B**

In his findings on reconsideration, the military judge found that "[t]he implied reasons for the delay advanced by the government, through the stipulated chronology of events, are not good reasons to justify delaying a court-martial when the accused is in pretrial confinement." However, at the hearing on reconsideration the Government offered evidence that there had been a need to analyze thoroughly certain physical evidence; and, because of this need, "there was adequate cause for the delay" and "the delay was not unreasonable." Therefore, the judge vacated his original ruling and denied the defense motion to dismiss for lack of speedy trial.

If, on reconsideration, the military judge had ruled solely on the basis of the evidence before him at the original hearing, the Government would have lost. Thus, petitioner argues that it was an abuse of discretion for the judge to allow trial counsel to change the outcome by offering additional evidence at the reconsideration hearing.

To some extent, admission of this evidence might be justified on the ground that, because of the erroneous legal premise on which the original hearing proceeded, the Government did not recognize the materiality of the evidence and so did not seek to offer it. A more basic justification for receiving the evidence is that, because at this point in the proceedings there had been no finding of not guilty and no evidence had been offered on the merits, Harrison was not entitled to the benefits of former jeopardy. Although the judge would have been entitled to exclude the additional evidence if he concluded that the prosecution failed negligently to arrange for its presentation at the initial proceeding, I do not believe that he was *required* to exclude this evidence even if he concluded that it could readily have been offered at the original hearing.

**IV**

Neither Article 62(a) nor the Government's reliance on the stipulation of fact at the first hearing precluded the military judge from receiving additional evidence after he decided on reconsideration that he had committed legal error at the original hearing. Therefore, I join in denying the petition for extraordinary relief.