**In the Matter of Harvey MAHLOCH, Debtor.**

**Doris VILLM, Plaintiff,**

v.

**C.G. WALLACE, III, Trustee, Defendant.**

**Bankruptcy No. BK82–670.**
**Adv. No. A85–138.**

United States Bankruptcy Court,
D. Nebraska.

March 24, 1986.

C. Kenneth Spady of McQuillan & Spady, P.C., Ogallala, Neb., for plaintiff.

Douglas E. Quinn of Thompson, Crounse, Pieper & Quinn, Omaha, Neb., for trustee.

### MEMORANDUM OPINION

TIMOTHY J. MAHONEY, Bankruptcy Judge.

This adversary proceeding has been brought by Doris Villm against C.G. Wallace, III, Trustee of the Harvey Mahloch estate, requesting a determination that a real estate contract entered into between Doris Villm and her now deceased husband, Fred Villm, as sellers and Harvey Mahloch as buyer continued in force and effect as a valid lien against the real estate and that the interest of the Bankruptcy Trustee is subordinate to that lien. The matter was submitted on briefs and stipulated facts.

### Findings of Fact

On August 1, 1978, Fred Villm, now deceased, and Doris Villm, husband and wife, entered into an Agreement for Deed in Escrow, as sellers, with Harvey Mahloch, buyer, for the sale and purchase of certain real property in Perkins County, Nebraska. The Agreement provided that the Agreement itself, the Deed and Abstract to the property would be held by an escrow agent subject to the terms and conditions contained in the Agreement. The Agreement itself provides for installment payments over a period of years, and, upon the final payment, delivery and recording of the Deed which was to have been held in escrow.

Without knowledge of the sellers and without authorization by the sellers, the Warranty Deed, rather than being placed in escrow, was recorded on the same day as the Sale Contract was signed.

Although it is unclear from the evidence, it appears that Harvey Mahloch either was not aware that the Deed had been recorded, or, if he was aware that it had been recorded, treated the recording of the Deed as a mistake. The evidence is that Harvey Mahloch continued to make payments according to the Installment Sale Contract, the Agreement, up to and including the August 1, 1981, payment.

On April 9, 1982, Harvey Mahloch filed a Chapter 11 proceeding under Title 11 of the United States Code and in August of 1982, the Creditors' Committee filed an Application for an Appointment of a Trustee in the proceeding which results in the present Trustee being appointed.

A Plan of Reorganization, dated June 3, 1983, and modified August 29, 1983, was prepared by the Official Creditors' Committee and the Trustee and submitted to the Court for approval. The Plan of Reorganization was approved by the Court on December 2, 1983.

The property in question was listed in the Reorganization Plan as a Class 5 claim and was identified as "the allowed secured claim of Fred Villm".

Article IV of the Plan provides that Class 5 claims shall:

(1) be entitled to retain the lien securing their claims until property subject to the lien is sold by the Trustee as hereinafter provided or the claims are satisfied in full pursuant to 11 U.S.C. § 1129(b)(2)(A)(i); and in the event of sales of property subject to said claims or liens, the liens shall attach to any proceeds of such sale pursuant to 11 U.S.C. § 1129(b)(2)(A)(ii).

Article IV B further provides that claims in Class 5 shall:

(5) be entitled to immediate receipt of proceeds received from the sale of assets subject to the claimant's lien unless the validity, extent or priority of their liens is at issue.

The real estate which is the subject of this action was sold by the Trustee for $108,000 in August of 1984.

No part of the sale proceeds have been paid to the plaintiff and the Trustee refuses to pay any amount of the sale proceeds to the plaintiff. According to the terms of the Agreement, there remains due and owing to the plaintiff the sum of $55,715.80 plus interest as provided in the Agreement of August 1, 1978, from and after August 1, 1981.

### Issues

Does the recording of the Deed merge the terms of the Agreement and the Deed thereby permitting the Bankruptcy Trustee, exercising his powers under § 544 of the Bankruptcy Code, as a bona fide purchaser of real property from the debtor to take title to the real property free and clear of the claims of the plaintiff?

### Decision

The Bankruptcy Trustee does not take free and clear of the interest of a contract seller whose deed was mistakenly recorded and whose claim was treated as a valid secured claim in the plan or reorganization.

### Discussion

Although the Trustee in Bankruptcy admits that the Plan of Reorganization was confirmed and that it did acknowledge and provide for the payment of the claim of this plaintiff as a secured claim, the Trustee now, after the sale of the property, hopes to avoid payment of the claim as a secured claim by arguing that the recording of the Deed from the plaintiffs to the debtor, by mistake, merged the terms of the real estate contract for sale into the Deed. For two reasons, the Trustee cannot succeed. First, § 1141 of the Bankruptcy Code provides that the provisions of a confirmed plan bind the debtor and any creditor.

■ The plan provides that the claim of Fred Villm will be treated as a secured claim and will be paid from the proceeds of sale of the real estate. Since the Plan was proposed by the creditors and by the Trustee, they should be bound by the terms of the plan.

■ The second reason that the Trustee's position is incorrect, is that the contract did not merge into the deed. The Supreme Court of Nebraska has recognized the theory of merger. The Trustee even cites a Nebraska Supreme Court case, *Bibow v. Gerrard*, 209 Neb. 10, 306 N.W.2d 148, (1981) as authority for his position. However, it is the opinion of this Court, that the Trustee did not bother to apply the *Bibow* case to these facts. At page 13 of the Nebraska Report, 306 N.W.2d 148, the Nebraska Supreme Court states:

"The rule of merger, stated simply, is that upon delivery and acceptance of an unambiguous deed all prior negotiations and agreements are deemed merged therein. (Citations omitted.) However, the doctrine of merger does not apply where there has been fraud or mistake."

It is apparent in this case that the recording of the Deed was a mistake. The parties signed an Agreement on August 1, 1978, which provided that payment for the

real estate would be made over several years. It further provided that the Deed would be held in escrow pending the payment. Somebody, obviously by mistake, recorded the Deed. Neither party treated the recorded Deed as a conveyance of an interest in real estate. Harvey Mahloch, the buyer, continued to pay pursuant to the terms of the Agreement for three years.

Based upon the facts and Nebraska law, there was no merger of the Deed and the Contract.

 The Trustee also cites Nebraska Revised Statute § 76–238 as authority for the Trustee's theory that the recorded Deed is binding upon the seller. That section concerns the effectiveness of recorded instruments. However, the effect of the recording of a deed as between the seller, the buyer and all creditors and subsequent purchasers without notice is subject to the requirement that such deeds, mortgages and other instruments shall be valid between the parties. See § 76–238, R.R.S. The Deed in this case, although valid on its face, was not to be recorded until all of the terms of the Agreement were complied with. Therefore, as between the buyer and the seller, the *recorded* Deed was not valid. Since it was not valid between the parties, it is not binding and effective pursuant to § 76–238, R.R.S.

### Conclusion

The plaintiff has a valid lien. The Trustee is directed to make the appropriate payment plus interest.